IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Terry Lee Keehn, II*
Case No. 3:16-cr-00004-TMB-MMS

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on the Government's Motion for Revocation of Magistrate Judge's Release Order (the "Motion").[1] For the reasons discussed below, the Motion is **GRANTED**.

On April 17, 2020, the Magistrate Judge held a bail review hearing as to Defendant Terry Lee Keehn, II, who is awaiting trial on charges of drug and sex trafficking.[2] Considering the factors set forth in 18 U.S.C. § 3142, the Magistrate Judge found that Defendant's proposed release plan, in addition to strict conditions imposed by the Court, rebutted the presumption for detention and militated in favor of release.[3] The Magistrate Judge ordered that Defendant be released to an apartment style residential living facility.[4] Under the conditions of release, Defendant will be confined to the residential facility on GPS monitoring and required to participate in random drug testing administered by the residential facility.[5]

On April 19, 2020, the Government filed its Motion appealing the Magistrate Judge's Release Order.[6] The Government argues that each of the factors the Court is required to consider pursuant to 18 U.S.C. § 3142(g) weigh in favor of detention in this case.[7] Furthermore, the Government argues that the ongoing COVID-19 pandemic does not displace Defendant's risk of flight or danger to the community.[8] In response, Defendant argues 18 U.S.C. § 3142(i) permits "temporary release" of a defendant for a "compelling reason" and, therefore, the Court should release the Defendant in

---

[1] Dkt. 206 (Motion).
[2] Dkts. 202 (Minute Entry); 52 (Second Superseding Indictment).
[3] Dkt. 202.
[4] Dkt. 204 (Order).
[5] *Id*. Although the residential facility requires random drug testing, at the release hearing U.S. Probation noted that such testing could not form the basis of a violation because U.S. Probation has not contracted with Oaks Residential Facility to conduct tests and knows little about their drug testing process. Dkt. 202.
[6] Dkt. 206.
[7] *Id.* at 8–15.
[8] *Id.* at 19–21.

1

light of the COVID-19 pandemic.[9] Defendant also notes that while in custody, he has been a model inmate, has not failed any drug tests, and has not been subject to discipline while incarcerated.[10]

"[I]f a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ."[11] In deciding a motion under 18 U.S.C. § 3145(a)(1), the district court reviews the magistrate judge's order of release de novo.[12] Pursuant to 18 U.S.C. § 3142(e), if the court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, the court must order detention.[13] Likewise, if the court finds by clear and convincing evidence that no condition will assure the safety of any other person and the community, the defendant must be detained.[14] Where there is probable cause to believe that the defendant committed an offense identified at 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community."

Here, there is a rebuttable presumption in favor of detention because Defendant is charged with violations of the Controlled Substances Act and "an offense under Chapter 77[.]"[15] In light of the serious nature of the charges against Defendant, the strength of the evidence against him, and his lengthy criminal history which includes violent offenses, Defendant fails to provide sufficient evidence to rebut the presumption that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community."[16]

Likewise, Defendant has not presented a "compelling reason" that warrants temporary release pursuant to 18 U.S.C. § 3142(i). Guidance on the on the application of 18 U.S.C. § 3142(i) is scarce. Some courts have found a "compelling reason" for temporary release where a defendant was suffering from a terminal illness or serious injuries.[17] However, none of these cases have allowed the "compelling reason" to justify releasing a defendant who would pose a danger to the community. Courts must instead balance the proffered "compelling reason" against other

---

[9] Dkt. 207 at 5–6 (Response).
[10] *Id.* at 6.
[11] 18 U.S.C. § 3145(a)(1).
[12] *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990).
[13] *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).
[14] *See* 18 U.S.C. § 3142(f)(2)(B).
[15] *See* 18 U.S.C. § 3142(e)(3)(A) and (D).
[16] *See* 18 U.S.C. § 3142(e)(3).
[17] *See, e.g.*, *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting release of defendant suffering from terminal AIDS that could no longer be managed by correctional authorities); *see also United States v. Cordero Caraballo*, 185 F. Supp. 2d 143 (D.P.R. 2002) (ordering release of defendant who sustained multiple gunshot wounds, was partially paralyzed, could not walk, lost some arm function, who required the supervision of 4-5 contracted security guards on a daily basis and Bureau of Prisons could not provide required medical care); *United States v. Stephens*, __ F. Supp. 3d __, 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020) (permitting release of defendant due to COVID-19 pandemic).

findings—*e.g.* the defendant's dangerousness and risk of flight. Here, the Defendant is a threat to the safety of a community even under the strict release conditions imposed by the Magistrate Judge. Although the risks associated with the COVID-19 pandemic are serious and may present a "compelling reason" for release in some cases, it does not override the Court's findings of dangerousness as to this Defendant.

Accordingly, the Motion at docket 206 is **GRANTED**. The Order Setting Conditions of Release at docket 203 and the Sealed Order Setting Conditions of Release at docket 204 are **VACATED**. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 23, 2020