# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Terry Lee Keehn*
Case No. 3:16-cr-00004-001-TMB-1

By:             THE HONORABLE TIMOTHY M. BURGESS


<u>PROCEEDINGS</u>:        ORDER FROM CHAMBERS


The matter comes before the Court on Defendant Terry Lee Keehn's *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion").[1] Keehn argues that his sentence should be reduced because of Keehn's rehabilitative work while incarcerated and to facilitate his ability to provide financial support to his granddaughters.[2] Counsel for Keehn filed a notice that he would not be filing an Amended Motion for Compassionate Release.[3] The United States and United States Probation and Pretrial Services ("USPO") did not file responses to the Motion.[4] For the following reasons, the Court **DENIES** the Motion.

### A. Background.

In January 2016, Keehn was arrested following an investigation into a sex-trafficking operation in the Matanuska-Susitna Valley.[5] Keehn was identified as the "pimp" of the operation.[6] While executing search warrants for Keehn's vehicle and residence, law enforcement found methamphetamine, heroin, and ammunition.[7] Keehn later admitted to obtaining and transporting controlled substances on several occasions.[8] Keehn ultimately pleaded guilty to Possession of Controlled Substances with Intent to Distribute.[9] In February 2021, the Court sentenced him to a 140-month term of imprisonment with 15 years of supervised release to follow.[10] Keehn is currently in custody at Federal Correctional Institute ("FCI") Williamsburg in South Carolina and has a projected release date of October 2, 2026.[11]

---

[1] Dkt. 281 (Motion).

[2] *Id.* 1–2.

[3] *See generally* Dkt. 286 (Notice of No Intent to File an Amended CR Motion).

[4] *See* Dkt. (absence). "The failure to respond to a non-dispositive motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken." L. Civ. R. 7.1(h) ("The District of Alaska Local Civil Rules . . . also apply to criminal proceedings, to the extent not inconsistent with these rules." L. Crim. R. 1.1(b)).

[5] Dkt. 244 at 10 (Final Pre-Sentence Report).

[6] *Id.*

[7] *Id.* at 10.

[8] *Id.* at 11.

[9] Dkt. 224 (Plea Agreement); Dkt. 232 (Minute Entry).

[10] Dkt. 251 (Minute Entry); Dkt. 253 (Judgment).

[11] Dkt. 268 at 2.

This is Keehn's second request for compassionate release. On December 28, 2022, Keehn filed his first motion for compassionate release.[12] In that motion, Keehn argues that insufficient care for health conditions known at the time of sentencing warranted compassionate release, particularly in light of the risk of COVID-19 in correctional facilities.[13] The Court denied this motion on the grounds that Keehn's motion and medical records did not establish that Keehn's health conditions established an extraordinary or compelling reason to deny release.[14]

Keehn filed the present Motion on July 30, 2024. In the Motion, Keehn argues that he has completed programs to reduce his recidivism score, was "suppose[d] to be put in for a [Residential Reentry Center] 17 to 19 months" before release, and needs to help support his granddaughters financially since the death of his son.[15] Keehn submits his Individualized Needs Plan as evidence of the courses he has completed while incarcerated.[16] The plan indicates he was to be assessed for a Residential Reentry Center 17 to 19 months from release.[17] Keehn also states that he is "still not receiving" medical care, but does not submit evidence of this assertion or make any claims related to a new or worsening health condition.[18]

### B. Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows defendants to move the district court for a sentence reduction if they have exhausted their administrative remedies.[19] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"[20] U.S.S.G. § 1B1.13(B)(3) provides that "extraordinary and compelling reasons" may exist in certain specific circumstances, including serious medical conditions that are not sufficiently managed in the correctional facility, the advanced age of the defendant, the "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . when the defendant would be the only available caregiver for such family member or individual," or other circumstances "similar in gravity" to the listed reasons.[21] Rehabilitation of

---

[12] Dkt. 262 (Motion for Compassionate Release).

[13] *Id.* at 5–9.

[14] Dkt. 273 (Order Denying Motion for Compassionate Release) at 4–5.

[15] Dkt. 281 at 1–2.

[16] *Id.* at 5–7.

[17] *Id.* at 5–7.

[18] *Id.* at 3.

[19] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).

[20] 18 U.S.C. § 3582(c)(1)(A).

[21] U.S.S.G. § 1B1.13(b). The Ninth Circuit has held that the version of U.S.S.G. § 1B1.13 in place before November 2023 was "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)" but "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant" on the basis that the previous version only applied to motions filed by the Director of the Bureau of Prisons. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that, under the previous version, a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799. On November 1, 2023, U.S.S.G. § 1B1.13 was revised to include motions made by defendants. As of the date of this Order, the Ninth Circuit has not ruled on whether the updated § 1B1.13 Policy Statement is binding on district courts. However, our sister courts in the Southern

the defendant "is not, by itself, an extraordinary or compelling reason" for a sentencing reduction, though "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[22]

### C. Discussion.

As a threshold matter, the Court finds that Keehn has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). The Court may consider the Motion only if Keehn has "fully exhausted all administrative rights to appeal," or if thirty days have lapsed since BOP has received a request for compassionate release from him.[23] Keehn's counsel submitted a letter to the Warden at FCI Butner Medium II dated August 23, 2024, requesting compassionate release.[24]

The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that must be enforced when properly invoked.[25] Failure to satisfy the exhaustion requirement does not deprive the Court of subject-matter jurisdiction over the matter.[26] Though the Court finds Keehn has not exhausted his administrative remedies, the Government has not objected to the Motion. Thus, the Court moves to the merits of the Motion.

Even if Keehn had exhausted his administrative remedies, the Court finds that the Motion does not establish an extraordinary or compelling reason for compassionate release. One, inmate placement is the purview of the Bureau of Prisons and is not appropriately addressed by a motion for compassionate release.[27] Two, Keehn's desire to financially provide for his grandchildren does not rise to the level of an extraordinary or compelling reason similar in gravity to any circumstance listed in U.S.S.G. § 1B1.13.[28] Three, Keehn does not provide any evidence to suggest that his

---

District of California, District of Oregon, District of Washington, and District of Hawaii have held that the revised § 1B1.13 supersedes the decision in *Aruda*. *See United States v. Chavez*, No. 18-CR-5436-GPC, 2024 WL 24065, at *3 (S.D. Cal. Jan. 2, 2024) ("[T]he amendments clarify that the policy statements apply to motions brought by both the BOP and defendants, fixing the issues identified by the Ninth Circuit… As such the Court is bound by the policy statements."); *United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. Feb. 12, 2024), *reconsideration denied*, No. 3:14-CR-00267-HZ-3, 2024 WL 2048643 (D. Or. May 6, 2024) ("*Aruda* is no longer good law to the extent that it held that the policy statement is not binding on motions filed by defendants."); *United States* v. *Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *2 (W.D. Wash. Dec. 14, 2023) ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does."); *United States v. Naki*, No. CR 20-00054 HG-01, 2024 WL 4145638, at *3 (D. Haw. Sept. 11, 2024) (finding *Aruda* is no longer good law with respect to the binding effect of the Sentencing Guidelines).

[22] U.S.S.G.§ 1B1.13(d).

[23] 18 U.S.C. § 3582(c)(1)(A).

[24] Dkt. 286-2.

[25] *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

[26] *Id.*

[27] *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the *place* of the prisoner's imprisonment[.]") (emphasis added).

[28] *See, e.g., United States v. Degante*, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022) (concluding that defendant's "wish to provide . . . financial support for his children does not

medical condition has worsened or changed since the Court denied his last Motion for Compassionate Release in February 2023. Finally, while the Court acknowledges the work Keehn has done to reduce his recidivism score, rehabilitation of the defendant is not, on its own, an extraordinary or compelling reason to grant compassionate release.[29]

In sum, Keehn has failed to show extraordinary and compelling reasons justifying his release pursuant to 18 U.S.C. § 3582(c)(1)(A).[30] Accordingly, the Motion at Docket 281 is **DENIED.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 4, 2024

---

amount to 'extraordinary and compelling' reasons" for compassionate release); *United States v. Terletsky*, No. 2:16-cr-00080-RSM, 2021 WL 735699, at *4 (W.D. Wash. Feb. 25, 2021) (rejecting argument that defendant should be released because his family "need[ed] the financial support he c[ould] provide by returning to his family"); *United States v. Francisco-Ovalle*, No. 18-cr-526-AJN, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) ("Defendant's desire to provide financial support for his family, while . . . admirable, applies broadly to incarcerated persons and does not in itself provide extraordinary and compelling reasons justifying release.").

[29] U.S.S.G. § 1B1.13(d).

[30] Because the Court finds that Keehn has not met his burden of showing that extraordinary and compelling reasons justify his early release, nor did it receive any briefing on the factors, it need not address whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.